BATCHELDER & a. *v.* BATCHELDER.

A creditor cannot maintain a suit commenced during the pendency of insolvency proceedings and before the debtor can apply for a discharge, if the claim upon which the suit is founded is one which would be barred by the discharge.

Assumpsit. Facts agreed. The defendant was arrested upon the original writ upon an affidavit for concealing his property. Writ dated December 29, 1888. The defendant made an assignment for the benefit of his creditors January 16, 1888, under the statute. An assignee was appointed, who has proceeded to sell what real and personal property came into his hands, and has set-

tled his account in the probate court since the commencement of this suit. A dividend of about 6 per cent. was decreed to creditors, on the fourth Tuesday of April, 1889, by the insolvency court. The plaintiffs, prior to the time of the assignment, had commenced an action against the defendant for the collection of this same debt, on which real and personal property was attached. The former action was discontinued on account of the assignment, and the property attached went into the hands of the assignee. The plaintiffs proved their claim in the insolvency court within the time allowed. The plaintiffs seek to hold the defendant for an alleged concealment of property occurring prior to the date of the assignment, and claim, among other things, that a conveyance of real estate was made by the defendant to his daughter without consideration. The real estate has since been mortgaged by the daughter to a *bona fide* holder, without notice of any defect of title. No property which may have been concealed by the defendant has been recovered by the assignee, nor did he make any attempt to recover it, nor have the plaintiffs requested him to take any steps toward the recovery of the same. The defendant has not been discharged from his debts by the insolvency court. At the first term he moved to dismiss the action, to be discharged from arrest, and that bail be discharged.

*Albin & Martin*, for the plaintiffs.

*Leach & Stevens*, for the defendant.

SMITH, J. At any time after the final decree of distribution the debtor may apply for a discharge from his debts. His creditors are entitled to notice and a hearing upon his application. If, upon the hearing, the judge is satisfied that he has made an honest and full return of all his assets, he shall grant the debtor a full discharge of all his debts and liabilities contracted prior to the commencement of the proceedings in insolvency, upon the written approval of three fourths of his creditors in numbers, representing and owning three fourths in amount of his debts. Upon the payment of seventy per cent. of his liabilities, in the absence of fraud, he is entitled to a discharge without the consent of creditors. Laws 1885, c. 85, s. 15.

The plaintiffs' claim is one which would be barred by a discharge if pleaded. The purpose of the statute regulating insolvency proceedings is the distribution of the debtor's property proportionately among his creditors, and the discharge of the debtor from further payment if he shall bring himself within the conditions prescribed for obtaining it. One object of the statute would be defeated if the creditor is permitted to bring a suit for the recovery of his claim before the debtor has an opportunity to apply for and obtain a discharge.

It does not distinctly appear whether the dividend decreed in April, 1889, was, or was not, final. It is not material, however, how that is. The dividend was decreed and the assignee's account settled after the commencement of this suit. The defendant had no opportunity to apply for a discharge. It does not appear that his estate would not pay seventy per cent. of his liabilities, nor that the requisite number of his creditors would not assent to his discharge.

The plaintiffs, by proving their claim against the estate of the debtor, necessarily discontinued their suit pending when the insolvency proceedings were commenced. If the plaintiffs could not maintain a suit already commenced, for the same reason they cannot maintain a suit commenced during the pendency of the proceedings. It would be oppressive and unjust to the debtor to permit creditors to vex him with suits and to compel him to incur expense in their defence while his person and property are under the jurisdiction of the insolvency court. If one creditor may sue, all may sue, and at any stage in the proceedings, although his assets may be sufficient to entitle him to a discharge without their consent. The whole scope and purpose of the statute calls for a construction that will exempt the debtor from suit and arrest upon claims provable against his estate, until he can have it judicially determined whether a discharge shall be granted him. He has at least a reasonable time after the final decree within which to apply for it.

The plaintiffs claim that the defendant, before the commencement of the insolvency proceedings, made conveyances of his property in fraud of his creditors, and that the assignee has neglected to recover the same for the benefit of his estate: they contend that unless he can be arrested on mesne process for the fraudulent concealment, the creditors are practically remediless. What the rights of a creditor are whose claim would not be barred by a discharge, as to attaching property during the pendency of the insolvency proceedings which the assignee refuses to recover for the benefit of the debtor's estate, or as to arresting the debtor upon mesne process, need not be considered. The statutory power of a creditor to cause the arrest of his debtor upon civil process in actions founded on contract (G. L., *c.* 225, *s.* 8) was given to enable him to discover and apply in satisfaction of his debt property of the debtor that might otherwise escape discovery. But this right does not exist in favor of a creditor who cannot sue, as, for example, one whose debt has not become due and payable. The creditor must not only hold a valid claim against the debtor, but must have the right to commence a suit. The power to arrest in an action founded on contract is an exception to the general legislation regulating the service of mesne process, and is not to be extended beyond the provisions of the statute. There is no statutory authority for a creditor whose debt is provable to cause

the arrest of the debtor on civil process.   The neglect by the legislature to authorize, by an express provision of the statute, arrests under such exceptional circumstances, shows that the legislature had no such intent.

Power is vested in the insolvency court for the discovery and recovery of the estate of the debtor.   He is required to give information to his assignee of the names and residences of his creditors, the amount and nature of their claims, the condition of his estate, and to "do all such acts, and to furnish and discover all such evidence as he has in his power or knowledge, to enable the assignee to recover the property, and to resist unfounded claims."  For his neglect or refusal to comply with the statute in these respects he is liable to imprisonment.   G. L., *c.* 140, *ss.* 5, 6.   The judge may enforce his orders by the usual process of contempt.   Laws 1885, *c.* 85, *s.* 10.   The debtor cannot receive his discharge without showing that he has made an honest and full return of all his assets.   The power of the insolvency court to compel a discovery of the debtor's property does not need to be supplemented by that of the magistrates who hear the debtor's application for discharge from arrest on mesne or final process.   G. L., *c.* 241, *s.* 7.

As the plaintiffs' suit was prematurely brought, it must be dismissed with costs.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.